UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL COVARRUBIAS, as an individual and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>HATHAWAY DINWIDDIE CONSTRUCTION CO., a California corporation, HATHAWAY DINWIDDIE CONSTRUCTION GROUP, a California Corporation, AND DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-05037-MCS-PVC<br><br>**ORDER DENYING MOTION TO REMAND [15]** |

Plaintiff Manuel Covarrubias moves to remand. Mot., ECF No. 15-1. Defendants oppose, arguing that the Motion should be denied because Plaintiff made no attempt to comply with Local Rule 7-3. Opp'n, ECF No. 20. The Court deems this matter appropriate for decision without oral argument and vacates the hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

1

"[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. L.R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). "Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." *See* Initial Standing Order § 9(c).

Plaintiff fails to provide a statement of compliance with the prefiling conference requirement. It is undisputed that no prefiling conference took place and that Plaintiff did not comply with the spirit or letter of Local Rule 7-3 before filing the Motion.

The Court has discretion to deny a motion for failure to comply with the prefiling conference requirement. *United States v. Kan-Di-Ki LLC*, No. CV 10-965-JST (RZx), 2013 U.S. Dist. LEXIS 198258, at *1–2 (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002)). The Motion is denied without prejudice to renewal after an adequate prefiling conference of counsel. The parties shall comply with this new deadline, as well as this Court's and Local Rules.

**IT IS SO ORDERED.**

Dated: August 12, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

2